# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| SAMUEL MIKELL, JR., | ) | | |
|---|---|---|---|
| Movant, | ) | | |
| | ) | | |
| v. | ) | Case No. | CV410-212 |
| | ) | | CR409-228 |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | | |

## REPORT AND RECOMMENDATION

Samuel Mikell, Jr., was sentenced to 48 months' imprisonment after pleading guilty to one count of possession of a stolen firearm. (Cr. doc. 12 at 1.[1]) He now moves, over the government's opposition, for 28 U.S.C. § 2255 relief. (Doc. 1.) For the following reasons, his motion should be **DENIED**.

Mikell, who did not appeal his sentence, instead opted to return to this Court. He raises four claims for relief:

(1) His plea was coerced and was not knowing or voluntary;

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV410-212. "Cr. doc." refers to documents filed under movant's criminal case, CR409-228.

(2) His conviction was obtained by use of evidence gained pursuant to an unconstitutional search;

(3) His conviction was obtained by use of evidence obtained pursuant to an illegal arrest; and

(4) He was denied effective assistance of counsel.

(Doc. 1 at 4-5.) To the extent his claims were not waived by his guilty plea, they are still without merit and due to be denied.

It is a fundamental precept of criminal law that a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). That is, "[a] defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam). The bar applies both on appeal and on collateral attack. *See*

*United States v. Broce*, 488 U.S. 563 at 569 (1989). "A defendant who wishes to preserve [] review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.

Here, Mikell entered a plea of guilty but did not reserve the right to review of his claims. (Cr. doc. 6.) During the change of plea proceedings, he admitted on the record that the plea was voluntary, intelligent, and uncoerced:

Q Mr. Mikell, are you pleading guilty freely and voluntarily?

A Yes, sir.

Q Has Ms. Dickinson, your lawyer, tried to force you or push you into pleading guilty?

A No, sir.

(Cr. doc. 15 at 19.[2]) Mikell's "solemn declarations" before the district judge "carry a strong presumption of verity" and rightly constitute a

---

[2] The Court summarized its Rule 11 findings as follows:

The defendant is not suffering from any obvious physical difficulty. The Court has observed his appearance, his alertness, his awareness, and has considered his answers to my questions. And he has been made fully aware of all the

3

"formidable barrier" for him to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986).

Mikell, however, may still attack the plea itself by showing that the advice he received from his counsel undermined "the voluntary and

---

significance of this proceeding.

The Court finds that the defendant is not under the influence of pain or medication. He is not under the influence of any alcohol or drugs.

As he stands before the Court today I am confident that he understands the substance and meaning of the charges, the consequences of his plea, and the facts which the government must prove, and which by his plea of guilty he admits all of the essential elements of the offense.

He has had a competent lawyer whom he has known for several months with whom he has met on several occasions. He says that he is satisfied with the representation of his lawyer. The Court finds that Ms. Dickinson, the lawyer, has discharged her duties to the defendant consistent with the standard required.

In the Court's opinion this defendant has engaged in this proceeding with intelligence and competence, and has offered his plea of guilty as a matter of his own free choice. . . . Therefore, I find that he has not been coerced or influenced into offering to plead guilty; that the plea is made voluntarily with an understanding of the charges and the consequences of the plea.

(Cr. doc. 15 at 18-19.)

intelligent character of the plea."[3] *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In Ground 1, he states that his attorney's plea advice was deficient, but he offers no specific, non-conclusory instances of faulty pre-plea advice. Mikell claims that the prosecution and his attorney "induced" his plea, but he does not explain how, aside from noting that the government used "threatening tactics." (Doc. 1 at 4.) In Ground 4, he states that counsel was ineffective "in every area of representation, coercing me to plead guilty, failing to file proper motions (suppression), by failing to investigate the facts in my case, and by failing to provide any defense for me." (*Id.* at 6.) Of all of his Ground 4 gripes, only the failure to file the suppression motion offers any explanation. Still, his bald assertion that the arresting officers -- who stopped him based upon an informant's tip that he had fired a weapon into the air -- acted "illegally" is inadequate.[4] More is required.

---

[3] Mikell does not point to any jurisdictional defects in the proceedings. *See United States v. White*, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.").

[4] Moreover, the connection between the alleged ineffectiveness, which occurred well in advance of the plea itself, and the entry of the guilty plea, is simply too tenuous to merit serious consideration. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [so] the Court did not err in dismissing Wilson's claim, as

Mikell's self-serving and conclusory claims do not merit a hearing, much less § 2255 relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland* test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).[5] And with nothing but these conclusory assertions, Mikell has not overcome the presumption of verity and voluntariness of his plea. *See, e.g., Byrd v. United States*, 2008 WL 4326533 at * 3 n. 5 (S.D. Ga. Sept. 22, 2008).

---

it involves pre-plea issues, without conducting an evidentiary hearing); *Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008). Otherwise, the *Tollett* exception would swallow the guilty-plea waiver rule.

[5] *Rodriguez* is binding Eleventh Circuit authority. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

Mikell has not shown that his pre-plea advice from counsel was in any way deficient. His conclusory attorney ineffectiveness claims fail,[6] and his pre-plea merits based claims, Grounds 2 and 3, were waived by his guilty plea. Accordingly, Mikell's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  21st  day of October, 2010.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[6] Ground 4, to the extent that it raises pre-plea-advice ineffectiveness, was also waived by Mikell's plea of guilty.